```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**CYNDI JOHNSON,**

        **Plaintiff,**

  vs.                                    Civil Action 2:06-CV-628
                                            Judge Holschuh
                                            Magistrate Judge King

**UNIVERSITY HOUSING,**

        **Defendant.**

## OPINION AND ORDER

Plaintiff, who is proceeding without the assistance of counsel, alleges that defendant denied her housing and discriminated against her because of her race. Plaintiff asserts claims under 42 U.S.C. §1981 and Ohio's Landlord Tenant Act, O.R.C. § 5321.01 *et seq*. *See* Doc. No. 14. This matter is now before the Court on a number of motions filed by the parties. Doc. Nos. 28, 30, 32, 35, 37, 38, 45.

**Documents Numbers 28, 32: Plaintiff's Deposition**

This case was filed on July 25, 2006. Plaintiff's deposition has been noticed by defendant on a number of occasions since November 2006. See Doc. Nos. 15, 17, 27. Plaintiff has resisted each attempt to depose her, *see*, *e.g.*, Doc. No. 16, and she has yet to be deposed. Following a telephone conference on January 17, 2007, the Court denied plaintiff's request that her deposition be continued "for an indeterminate period," Doc. No. 26, and directed that plaintiff's deposition "be completed by February 28, 2007." *Id*. The Court did contemplate the possibility of a request by plaintiff for "a brief, additional extension only upon written motion supported by medical

documentation clearly justifying the requested, brief, extension." *Id*. The Court also referred plaintiff to the provisions of F.R.Civ. P. 41, should she be unable to properly pursue the litigation. *Id*., n.1.

Thereafter, defendant noticed plaintiff's deposition for February 26, 2007. Doc. No. 27. Plaintiff in fact filed a motion to extend that date to a date not later than April 14, 2007. Doc. No. 28.[1] Defendant also filed a motion for sanctions based on plaintiff's failure to appear for the February 26, 2007, deposition. Doc. No. 32.

In her motion to extend the deposition date, plaintiff states merely that her request to extend the deposition date "is due to extraordinary circumstances in her personal life, ..." Doc. No. 28.

The Court **GRANTS** plaintiff's motion for a continuation of her deposition, Doc. No. 28. Plaintiff's deposition must take place no later than July 31, 2007. There will be no extension of this date at plaintiff's request, for any purpose. Moreover, plaintiff is **EXPRESSLY ADVISED** that her failure to participate in a deposition on or before July 31, 2007, will result in the dismissal of the action pursuant to the provisions of F.R. Civ. P. 37.

In light of the Court's grant of plaintiff's request for an extension of time for her deposition, defendant's motion for sanctions, Doc. No. 32, is **DENIED.**

**Document Numbers 30, 37, 38: Status of "University Housing" as Defendant**

The original complaint named as the sole defendant "University Housing" and provided the address for the defendant as "P.O. Box 767,

---

[1] This motion also seeks leave to submit unspecified documentation under seal. The Court presumes, based on statements made by plaintiff during the conference of January 17, 2007, that plaintiff's request relates to her mother's medical condition. Because plaintiff's motion seeks an extension only to April 14, 2007, *i.e.*, a date now long past, the Court sees no need to consider any such documents.

Athens, OH 45701." *Original Complaint*. The substance of the original complaint refers to one Maxine Young as an agent of the defendant. A summons was issued, at plaintiff's request, to that defendant at that address and was returned executed. Doc. No. 13. An answer was filed on behalf of University Housing Management Services, Inc. Doc. No. 6.

The *Amended Complaint*, Doc. No. 22, names as defendant "Student Real Estate Inc. DBA University Housing" but provides the same address for this entity as was utilized to effect service of process on the defendant named in the original complaint. The *Amended Complaint* does not clearly abandon claims asserted against the defendant named in the original complaint and joined as a party to the action, nor has plaintiff taken action to effect service of process on any other defendant.

Plaintiff has moved for the imposition of sanctions against defendant and defense counsel, complaining that the entity that answered her discovery requests is not a party to the action. Doc. No. 30.[2] Plaintiff has also moved to strike motions filed by defendant on the same basis. Doc. Nos. 37, 38. Finally, plaintiff opposes defendant's motion for sanctions only on the basis that the motion was filed on behalf of University Housing Management Services, Inc.

Because, as noted *supra*, the *Amended Complaint* did not clearly dismiss the claims asserted against "University Housing," and because plaintiff has taken no action to effect service of process on any defendant other than the defendant named in the original complaint, the Court concludes that "University Housing" remains the only defendant properly joined by service of process in this action. Because the

---

[2] The responses to plaintiff's discovery requests were made by G. Maxine Young, who identifies herself as "Real Estate Agent/Property Mgr., University Housing Management Services, Inc."

3

discovery responses of which plaintiff complains were executed by defendant's agent, those responses are not on that basis objectionable. Plaintiff's motion for sanctions, Doc. No. 30, is therefore **DENIED**. Plaintiff's motions to strike motions filed on behalf of defendant University Housing, Doc. Nos. 37, 38, are likewise **DENIED.**

**Documents 35, 45: Discovery**

Defendant filed a motion for sanctions, including dismissal, because of plaintiff's alleged failure to participate in the discovery process. Doc. No. 35. Plaintiff opposes that motion only on the basis that the motion was filed by an entity not a party to this action. For the reasons stated *supra*, plaintiff's contentions in this regard are without merit.

However, the Court declines to dismiss the action based on plaintiff's past failure to participate in the discovery process, and defendant's motion for sanctions, including dismissal, Doc. No. 35, is therefore **DENIED.**

However, plaintiff is **ORDERED** to make the disclosures required by F. R. Civ. P. 26(a)(1) and to respond to defendant's outstanding discovery requests no later than June 30, 2007. Again, plaintiff is **EXPRESSLY ADVISED** that her failure to do so will result in the dismissal of this action.

Plaintiff's motion to stay the proceedings pending resolution of all outstanding motions, Doc. No. 45, is, under the circumstances, **DENIED** as moot.

June 11, 2007                              *s/Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge