IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CYNDI JOHNSON,

        Plaintiff,

  vs.                              Civil Action 2:06-CV-628
                                    Judge Holschuh
                                    Magistrate Judge King

UNIVERSITY HOUSING,

        Defendant.

## OPINION AND ORDER

Plaintiff alleges in this action that she was denied housing at the University Commons complex because she is a Black female. A recurring issue in this case is the proper denomination of the defendant.

The original complaint named as the sole defendant "University Housing" at "P.O. Box 767, Athens, OH 45701," and referred to one Maxine Young as an agent of the defendant. *Complaint.* A summons was issued, at plaintiff's request, to that defendant at that address and was returned executed. Doc. No. 13. An answer was filed on behalf of University Housing Management Services, Inc. Doc. No. 6. Answers to interrogatories propounded by plaintiff were signed by "G. Maxine Young, Real Estate Agent/Property Mgr., University Housing Management Services, Inc." *Exhibit A,* attached to *Plaintiff's Motion for Sanctions,* Doc. No. 30.

The *Amended Complaint,* Doc. No. 22, names as defendant "Student Real Estate Inc. DBA University Housing" but provides the same address for this entity as was utilized to effect service of process on the defendant named in the original complaint. Moreover, plaintiff took no action to effect service of process on this or any other entity.

The issue of who has been properly joined as a defendant in this action has previously been addressed by this Court.

> Because ... the *Amended Complaint* did not clearly dismiss the claims asserted against "University Housing," and because plaintiff has taken no action

> to effect service of process on any defendant other than the defendant named in the original complaint, the Court concludes that "University Housing" remains the only defendant properly joined by service of process in this action.

*Opinion and Order,* at p.3, Doc. No. 47.

Plaintiff's objections to that order were rejected by the Court. *Order,* Doc. No. 49 ("University Housing is the only defendant served with process and is the only defendant that has responded to the claims asserted in this action.  Plaintiff has never sought service of process on any other defendant, and the time for doing so has now passed."  *See* F.R. Civ. P. 4(m)").

Plaintiff persists, however, in attempting to resurrect this issue.  In a confusing flurry of motions filed by plaintiff in recent weeks, plaintiff has filed motions to amend the *Amended Complaint* in order to name as a defendant "Student Real Estate Inc.," Doc. Nos. 71, 80,[1] a motion for "joinder" of Student Real Estate, Inc., Doc. No. 87,[2] and a motion "to correct misnomer," Doc. No. 89.  Plaintiff has also filed a motion for a hearing on her motion to correct misnomer, Doc. No. 95, and a motion to amend the motion for a hearing to seek a telephone status conference on her motion to correct misnomer, Doc. No. 102.

The issue of which entity has been named as a defendant and properly been served with process in a timely fashion has been resolved by this Court.  *Opinion and Order,* Doc. No. 47; *Order,* Doc. No. 49.[3]  Plaintiff's recent motions suggest no persuasive reason to conclude that the Court's resolution of that issue was erroneous or should be revisited.  Moreover, the Court has previously denied plaintiff's earlier request for

---

[1] However, plaintiff has also moved to "strike" these motions.  Doc. No. 90.

[2] Plaintiff has moved to "strike" this motion as well.  Doc. No. 93.

[3] The Court notes that plaintiff takes the position that Student Real Estate Inc., "has already been served. ..."  *Motion to Strike Motion to Amend/Correct Amended Complaint,* at p.1, Doc. No. 90.

a telephone status conference "to discuss 'the issue of the proper party defendant.'" *Order,* Doc. No. 61; *Order,* Doc. No. 63.

Accordingly, the Court declines, once again, to revisit these issues and declines, once again, to hold a telephone status conference to address this issue.

This *Order* resolves the following motions: Doc. Nos. 71, 80, 87, 89, 90, 93, 95, 102.  The Clerk shall remove these motions from the Court's pending motions list.


February 15, 2008                       *s/Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                                United States Magistrate Judge